UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | No. 3:07cr0013 AS |
| | ) | |
| **JESUS J. GARCIA** | ) | |
| **OMAR LOZA** | ) | |
| **ELENO SANCHEZ MERAZ** | ) | |
| **CHESTER WIGFALL** | ) | |

### *MEMORANDUM, OPINION AND ORDER*

This court takes full judicial notice of the proceedings in this case, including proceedings held in open court on March 29, 2007, as well as the proceedings held in open court in regard specifically to the detention of Omar Loza on April 27, 2007. The defendant was ably represented by counsel and this court has carefully examined the contents of defendant's exhibits 1 and 2. This court made comments about the fact that while this defendant has been in custody, a total of approximately $2,750.00 has been paid into the Clerk of the Elkhart County Court to partially satisfy Mr. Loza's support obligations as to his children. Also present in the record is some of the aftermath of the misdemeanor offense described in the pretrial services report.

The only testimony under oath in the proceeding was that of Douglas Radican which, if believed, provides an identification of this defendant, Omar Loza, as a participant in the event that are charged against Mr. Loza in this indictment. Count 1 charges a violation of 21 U.S.C. §846 and designates all three defendants including Mr. Loza. Certainly there is

a basic presumption of innocence in the background. The question, however, here is a whether there is any condition or combination of conditions under 18 U.S.C. §3142 that will reasonably insure the appearance of this defendant and assure the safety of the other persons in the community. Government counsel particularly focused on the rebuttable presumption in 18 U.S.C. §3142(g). The issue with regard to the assurance of appearance of a defendant is required under the preponderance of evidence test. *See United States v. Portes*, 786 F.2d 758 (7th Cir. 1985). There is some loosening of the rules of evidence in such procedures, and letters have been received on behalf of Mr. Loza in this regard as indicated in Exhibits 1 and 2 presented in the aforesaid hearing.

Under the Bail Reform Act of 1984, several evidentiary presumptions are created to be employed in certain circumstances in determining when release is important. These have previously been dealt with in this court in some detail in *United States v. Bergner*, 800 F.Supp. 659 (N.D. Ind. 1992). Under the Controlled Substances Act, certain presumptions are also created. There is a rebuttable presumption that no condition or combination of conditions will reasonably assure a defendant's appearance or the safety of other persons in the community when a defendant has committed an offense for which a maximum imprisonment of 10 years is prescribed. *See* 18 U.S.C. §3142(e). Sgt. Radican gave an adequate overview of this case focusing primarily on the conduct and identification of Mr. Loza. The presumption must be taken seriously in view of the discussions in *United States v. Dominguez*, 783 F.2d 702 (7th Cir. 1986).

2

As indicated in an earlier ruling on April 13, 2007, this preliminary look see at the government's case leans in the direction of a strong case. Obviously in the case of Mr. Loza, if a serious attempt is to raise an issue of identification, such will be for the jury to decide under appropriate instructions. The presumption plays a very heavy role in this process, and leans very much in the direction of a decision to detain Mr. Loza pending trial in this case. Such detention is now **ORDERED**, but must be with Mr. Loza having a reasonable opportunity to confer with his counsel before and about the aforesaid trial which is scheduled, as indicated, in September this year. **IT IS SO ORDERED**.

**DATED:**  April 30, 2007

                                                **S/ ALLEN SHARP**
                                                **ALLEN SHARP, JUDGE**
                                                **UNITED STATES DISTRICT COURT**